PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ CARDONA, *alias* DON PEPITO, Defendant and Appellant.

No. 5645. Argued December 20, 1935.—Decided June 15, 1936.

*Celestino Iriarte, Héctor González Blanes* and *James R. Beverley* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was a prosecution for carrying a prohibited weapon. In the course of our opinion in the prosecution for murder against the same defendant, case No. 5646, recently decided, we said that the defendant had no more authority to carry a weapon, so far as the record went, than would arise from his duties as a watchman. The parties herein have relied on the testimony presented in the said murder case, and on a little more in addition. This consisted in the testimony of Enrique Ortega, Superintendent of Public Works and of Rafael González in charge of public lands. They stated that Cardona was authorized by the Commissioner of the Interior to carry a weapon within the property that he was to watch. Cardona did in fact carry a revolver with which he killed Cosme.

The facts being more or less admitted, the Fiscal contends that the Commissioner of the Interior is not given power to authorize anybody to carry a weapon. This power,

in general, resides in the district courts. The appellant has cited us to nothing which would convince us that the Commissioner of the Interior could confer such a right.

■ Despite the intimation in our previous opinion, it transpires, on investigation, that this shooting happened in a public place. Originally the land belonged to the People of Puerto Rico, perhaps in its private capacity, but the region or the particular spot where the shooting took place had long since been dedicated to the public use, and houses and streets had been built and laid out close to the exact spot where Cardona was carrying the weapon.

There is nothing directly in the law which authorizes an agent or a watchman to bear arms on the property of his principal. The owner, however, is authorized to do so and under the word "owner" we have included agents and superintendents who were in charge of the properties. *People* v. *Bosch,* 43 P.R.R. 711; *People* v. *Rodríguez,* 43 P.R.R. 718.

■ In various cases it was a close question whether the person armed could carry the weapon on to the public street. We held by a majority vote that the agent could do so in going to and from his own house. None of this jurisprudence would extend to the case of carrying a weapon in spots really dedicated to the public. The defendant was shown to be carrying a prohibited weapon and the judgment should be affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.